RECEIPT # 32605
AMOUNT $ 150
SUMMONS ISS. y-3
LOCAL RULE 4.1
WAIVER OF SERV.
MCF ISSUED
BY DPTY CLK SK
DATE 7/23/01

FILED
IN CLERKS OFFICE
JUL 23 10 43 AM '01
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ARLENE L. ANDERSON,
Plaintiff

v.

SUSAN C. NEWHOUSE, M.D., JANE DOE and WOMEN'S HEALTH CARE, P.C.,
Defendants

CIVIL ACTION NO.

01 CV 11260 GAO

JURY TRIAL DEMANDED

## COMPLAINT

### JURISDICTION

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 in that plaintiff is a citizen of the State of New Hampshire, defendants are citizens of the Commonwealth of Massachusetts, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### PARTIES

2. The plaintiff ARLENE L. ANDERSON is a citizen of the State of New Hampshire, with an usual place of residence in Danville, Rockingham County, New Hampshire.

3. The defendant SUSAN C. NEWHOUSE ("NEWHOUSE") is a citizen of the Commonwealth of Massachusetts, with an usual place of business at 291 Main Street, West Newbury, Essex County, Massachusetts.

4. The defendant JANE DOE ("DOE"), whose true name is presently unknown, is a citizen of the Commonwealth of Massachusetts, with an usual place of business at

(1)

291 Main Street, West Newbury, Essex County, Massachusetts.

5. The defendant WOMEN'S HEALTH CARE, P.C. ("WHC") is a corporation duly organized under the laws of the Commonwealth of Massachusetts, with its principal place of business at 291 Main Street, West Newbury, Essex County, Massachusetts.

## FACTS COMMON TO ALL CLAIMS

6. At all times relevant hereto, the defendant NEWHOUSE was a physician, duly licensed to practice medicine within the Commonwealth of Massachusetts.

7. At all times relevant hereto, the defendant DOE was a nurse, duly licensed by the Commonwealth of Massachusetts.

8. At all times relevant hereto, the defendant NEWHOUSE and the defendant DOE were employees of the defendant WHC.

9. At all times relevant hereto, the defendant NEWHOUSE was the supervisor of the defendant DOE on behalf of the defendant WHC.

10. On or about July 30, 1998, the plaintiff was a patient of the defendant NEWHOUSE.

11. On that date, at defendant WHC's office, defendant DOE drew blood from the plaintiff's left arm.

12. When the defendant DOE performed this procedure, she did so improperly, tearing open the plaintiff's brachial artery.

13. As a result of defendant DOE's negligent performance of this procedure, plaintiff was required to undergo additional medical treatment in an attempt to repair and correct the errors which defendant DOE had made.

14. Since the procedure performed by defendant DOE, the plaintiff has suffered persistent pain and loss of function in her left arm.

15. The injuries which the plaintiff has suffered as a result of the defendant DOE's negligence have been painful and disabling, and are permanent.

16. The defendants NEWHOUSE and WHC failed to hire, train, instruct and supervise the defendant DOE properly.

17. As a direct and proximate result of the defendants' negligence, carelessness, and lack of skill, the plaintiff has been caused to suffer severe pain of body and anguish of mind.

18. As a direct and proximate result of the defendants' negligence, carelessness, and lack of skill, the plaintiff was caused to suffer a permanent loss of function in her left arm.

## CLAIMS FOR RELIEF

### FIRST CLAIM

19. Plaintiff realleges paragraphs 1 through 18.

20. As a result of the defendant DOE's negligence, the plaintiff ARLENE L. ANDERSON is entitled to recover damages, for the injuries sustained by her, in an amount to be determined by a jury, plus interest and costs of suit.

### SECOND CLAIM

21. Plaintiff realleges paragraphs 1 through 18.

22. As a result of the defendant NEWHOUSE's negligence, the plaintiff ARLENE L. ANDERSON is entitled to recover damages, for the injuries sustained by her, in an

amount to be determined by a jury, plus interest and costs of suit.

**THIRD CLAIM**

23. Plaintiff realleges paragraphs 1 through 18.

24. As a result of the defendant WHC's negligence, the plaintiff ARLENE L. ANDERSON is entitled to recover damages, for the injuries sustained by her, in an amount to be determined by a jury, plus interest and costs of suit.

**RELIEF REQUESTED**

Plaintiff demands judgment against the defendants on the First, Second and Third Claims, in an amount which is fair, just and adequate for the injuries and damages sustained, and the pain and suffering endured, plus interest and costs

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

By her Attorney,

CARMEN L. DURSO, ESQUIRE
B.B.O. # 139340
100 Summer Street, Suite 3232
Boston, MA 02110-2104
617-728-9123
July 20, 2001